UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT FOX, JR.,**

      **Plaintiff,**         **CIVIL ACTION NO. 08-CV-14727-DT**

  vs.

                       **DISTRICT JUDGE GERALD E. ROSEN**

**PENNY RODGERS,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
      **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** Plaintiff's Motion for Preliminary Injunction filed on February 18, 2009 (docket no. 11) should be **DENIED**.

**II.**    **REPORT:**

    **A.**    **Facts and Procedural History**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. (Docket no. 1). Plaintiff is a Michigan state prisoner who alleges that Defendant prison officers and officials have been deliberately indifferent to his serious medical need, acid reflux. (Docket no. 11 at 2). He claims that he is being denied his proper medical diet. (*Id*. at 1). Plaintiff also alleges that for over sixty days he has been denied his proper medication because the prison substitutes a different medication for the prescribed medication. (*Id*.). Plaintiff states that he suffers from "daily bouts of acid reflux and constant heartburn." (*Id*. at 2). Finally, Plaintiff alleges that the prison grievance process is ineffective to remedy his problems. Plaintiff requests that Defendants be ordered to

provide him with a non-dairy diet and that the prison grievance program be temporarily suspended until it is a fair procedure. (*Id*. at 3).

Only three of the Defendants have been served, and they have not yet filed an Answer. (Docket nos. 14, 15, 16). Therefore, there is no response to this motion. All pretrial matters have been referred to the undersigned. (Docket no. 9). Because this motion concerns injunctive relief, this Court enters this Recommendation rather than an order. *See* 28 U.S.C. § 636(b)(1)(A). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

      **B.**    **Governing Law**

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In deciding motions for a preliminary injunction, the Court considers whether: (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant would suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest would be served by issuance of the injunction. (*Id*.).

      **C.**    **Analysis**

Injunctive relief is reserved for the extraordinary case. *See Overstreet*, 305 F.3d at 573. Plaintiff's allegations are common in prisoner civil rights actions. Plaintiff reveals in his submissions that he is receiving medication for his acid reflux disease in the form of a substitute for his prescribed medication and that he has access to antacids. (Docket no. 1 at 1, 10). Plaintiff has been "placed back on [his] reflux diet." (*Id*. at 8). Plaintiff offers no evidence that the meals he is

receiving are nutritionally inadequate. A difference of opinion in treatment between Plaintiff and medical personnel of the prison is not a basis for an Eighth Amendment deliberate indifference claim. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."). In addition, there is no federal right to file grievances. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). Plaintiff therefore has not shown a strong likelihood of success in this action.

Plaintiff's claims of irreparable injury are speculative. He alleges that the acid reflux "may be doing even more damage" to his body. (Docket no. 11 at 2). Moreover, for this Court to interfere with the operation of the state's prison facilities on the facts of this case would cause substantial harm to others. *See Kendrick v. Bland*, 740 F.2d 432, 438 & n.3 (6th Cir. 1984) (courts ill-equipped to deal with problems of prison administration and reform). Finally, the public interest would not be served by granting Plaintiff's request for an injunction. Plaintiff's motion should therefore be denied.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve

all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 05, 2009                s/ Mona K. Majzoub
                                                         MONA K. MAJZOUB
                                                         UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Robert Fox, Jr. And Counsel of Record on this date.

Dated; March 05, 2009                s/ Lisa C. Bartlett
                                                         Courtroom Deputy