**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT FOX, JR.,
       Plaintiff,                  CIVIL ACTION NO. 08-CV-14727-DT

vs.

                                        CHIEF DISTRICT JUDGE GERALD E. ROSEN

PENNY RODGERS,                MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
       Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:**  The Motion to Dismiss filed by Defendants Hutchinson and Rogers for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) (docket no. 45) should be **GRANTED**, and these Defendants should be dismissed.

**II.**    **REPORT:**

This is a prisoner civil rights case under 42 U.S.C. § 1983.  (Docket no. 1).  Plaintiff seeks damages, a declaratory judgment, and injunctive relief.  (*Id.*).  Defendant Hutchinson is identified as a medical doctor who is responsible for the training and supervision of the medical personnel working at Parnell Correctional Facility, where Plaintiff is incarcerated.  (*Id.*).  Defendant Rogers is a nurse at Hiawatha Correctional Facility.  (*Id.*)

Defendants move to dismiss the Complaint as to them because Plaintiff has failed to properly exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a), among other reasons.  (Docket no. 45).  Plaintiff has not responded to Defendants' motion.  However, Plaintiff filed a response to an earlier motion to dismiss which contains some argument with respect to exhaustion which the Court will take into account when deciding the present motion  (Docket no.

-1-

42). All pretrial matters have been referred to the undersigned for decision. (Docket no. 9). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

### A. Factual and Procedural Background

Plaintiff is a prisoner incarcerated at Parnall Correctional Facility. (Docket no. 1). He alleges that he suffers from Acid Reflux, esophageal varices, esophageal ge-a-vitas, and Hepatitis C. Plaintiff claims that he has been denied adequate medical care, has had problems receiving a therapeutic diet and prescribed medications, received an inappropriate medical procedure, and that his health status was improperly disclosed. (*Id*. at 1-11). Plaintiff claims that his Eighth and Fourteenth Amendment rights were violated as well as state law. (*Id*. at 13-15).

Plaintiff alleges that Defendant Rogers on August 14, 2008 intentionally misinformed him as to the availability of a therapeutic diet for acid reflux disease. (*Id*. at 5). Plaintiff also claims that Defendant Rogers caused him to have false and misleading information placed in his prison medical file. (*Id*.). Plaintiff claims that he exhausted his administrative remedies against this Defendant by Grievance H.T.F. 0712-0799-28E. (*Id*.).

Plaintiff alleges that Defendant Hutchinson on July 7, 2008 "failed to act concerning Plaintiff's medical needs and on the violations of policy and laws committed by medical staff, persons under his supervision." (Docket no. 1 at 11).

### B. Standard of Review

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The prisoner must complete all levels

of the grievance process before filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). The Supreme Court recently clarified that proper exhaustion is mandatory and requires a prisoner to comply with state procedural rules such as time limits for filing grievances and other critical procedural rules. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo* 548 U.S. 81, 90-91 (2006).

### C. Exhaustion

Defendants have submitted a copy of the grievance procedures of the Michigan Department of Corrections and copies of all relevant grievances filed by Plaintiff. (Docket no. 45 exs. A-D). Plaintiff does not contend that he submitted any other grievances by which he may have exhausted his administrative remedies against Defendants Hutchinson and Rogers. (Docket no. 42). Grievances may be rejected under the applicable guidelines if they contain multiple unrelated issues or are untimely filed. (Docket no. 45 ex. A (PD 03.02.130(G)(1), (4))). In addition, the grievance procedures require a prisoner to include the dates, times, places, and names of all those involved in the issue being grieved. (*Id.* (R)). *See Wichert v. Caruso*, 2008 WL 1995065 slip op. at *6 (E.D. Mich. May 6, 2008) (dismissing defendants because plaintiff failed to name them in grievance and therefore failed to properly exhaust).

### 1. Defendant Rogers

Plaintiff alleges that he exhausted his available administrative remedies against Defendant Rogers through Grievance H.T.F. 0712-0799-28E. (Docket no. 1 at 5). The documents submitted by both parties show, however, that this grievance was rejected at all three levels of the grievance process because it was untimely filed at Step 1. (Docket no. 1 ex. 1; docket no. 45 ex. D). Plaintiff reported the date of the incident being grieved as August 14, 2006 and his Step I grievance is dated

November 21, 2007. (Docket no. 45-6 at 5). This is clearly untimely under the Department of Corrections policy which requires that a Step 1 grievance be filed within 5 days after the grievant attempted to resolve the issue with staff which must take place within 2 days after becoming aware of the grievable issue. (Docket no. 45-3 at 4). Accordingly, this grievance does not exhaust any of Plaintiff's remedies against Defendant Rogers.[1] *See Jones*, 549 U.S. at 211. Because this is the only grievance that might possibly exhaust any remedies against this Defendant, she should be dismissed from this action.

      **2.**      **Defendant Hutchinson**

Plaintiff does not link any specific grievance to Defendant Hutchinson. However, Plaintiff named Defendant Hutchinson in Grievance SMT-08-07-0826-28C. (Docket no. 45-5 at 2-9). This Court considered whether this grievance could have properly exhausted any of Plaintiff's remedies in connection with the earlier motion to dismiss. (Docket no. 48 at 5-6). This Court found that this grievance did not exhaust any remedies because it was properly denied at all levels for grieving multiple unrelated claims. (*Id.*). For the same reasons, this grievance fails to exhaust any of Plaintiff's remedies against Defendant Hutchinson. This is the only grievance filed by Plaintiff that could have possibly exhausted his claims against Defendant Hutchinson based on the dates his grievances were received by prison officials and the reported date of the incident being grieved. (Docket no. 45 ex. B). Defendant Hutchinson should be dismissed from this action.

---

[1] Defendants also correctly point out that this grievance was filed on January 17, 2008, which is several months before Plaintiff alleges that the events occurred (8/14/08) which formed the basis of Plaintiff's claims against Defendant Rogers in his Complaint. Based on the other dates on the same page of Plaintiff's Complaint, however, it is possible that the 8/14/08 date was supposed to be 8/14/06. (Docket no. 1 at 5).

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: May 29, 2009              s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Robert Fox, Jr., and Counsel of Record on this date.

Dated: May 29, 2009                <u>s/ Lisa C. Bartlett</u>