**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT FOX, JR.,**

       **Plaintiff,**          **CIVIL ACTION NO. 08-CV-14727-DT**

  **vs.**

                             **CHIEF DISTRICT JUDGE GERALD E. ROSEN**

**PENNY RODGERS, et al.,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** The Motion for Summary Judgment filed by Defendants Clark, Eicher, Fairbanks, Lovin, Matthes, McClellan, McLain, Potter, Pramstaller, Richardson, and Wight on April 30, 2009 (docket no. 49) should be **GRANTED,** and these Defendants should be dismissed.

**II.**    **REPORT:**

    **A.**    **Facts, Claims, and Procedural History**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Clark, Eicher, Fairbanks, Lovin, Matthes, McClellan, McLain, Potter, Pramstaller, Richardson, and Wight. (Docket no. 49). Plaintiff has not responded, and the time for responding has now expired.[1] All pretrial matters have been referred to the undersigned for decision. (Docket no. 9). This matter is therefore ready for ruling under 28 U.S.C. § 636(b)(1)(A).

---

[1] This Court granted Plaintiff an extension of time to respond; that time has now passed, and no response was filed. (Docket no. 62).

This is a civil rights action filed by a Michigan state prisoner pursuant to 42 U.S.C. § 1983 and state law. (Docket no. 1). Plaintiff seeks damages, a declaratory judgment, and injunctive relief. (*Id.*). Defendant Clark is the food service director at Parnall Correctional Facility (SMT). (*Id.* at 3). Defendant Eicher is the registered dietician at SMT. (*Id.*). Defendant Fairbanks is a registered dietician for the Department of Corrections Bureau of Health Care Services. (*Id.* at 4). Defendant Lovin is a registered nurse at Straights Correctional Facility (KTF). (*Id.* at 2). Defendant Matthes is the food service supervisor at SMT. (*Id.* at 3). Defendant McClellan is the food service administrator for the Department of Corrections. (*Id.* at 4). Defendant McLain is the food service director at SMT. (*Id.* at 3). Defendant Potter is the food service supervisor at SMT. (*Id.*). Defendant Pramstaller is the head of the Department of Corrections' Bureau of Health Care Services. (*Id.* at 4). Defendant Richardson is a registered nurse at SMT. (*Id.* at 2-3). Finally, Defendant Wight is the health unit manager and registered nurse at KTF. (*Id.* at 2).

Plaintiff's first cause of action is an Eighth Amendment violation by denial of medical care for his serious medical need, acid reflux disease. (Docket no. 1 at 13). His second cause of action is an alleged violation of state law by Defendants' inclusion in his medical records of misleading or inaccurate information that the M.D.O.C. does not provide therapeutic diets for acid reflux and by altering his health care request and a prescription. (*Id.* at 13-14). Plaintiff's third cause of action is that Defendants again violated state law by performing an inappropriate medical procedure upon him. (*Id.* at 14). Plaintiff alleges in his fourth cause of action that Defendants violated his "right to personal security and to bodily integrity" under the Due Process Clause of the 14th Amendment. (*Id.*). His fifth cause of action is that Defendant Wight threatened to transfer him in retaliation for filing a prison grievance, and Defendant Richardson ordered the inappropriate medical procedure.

-2-

(*Id*. at 15). Finally, Plaintiff's sixth cause of action is that Defendants denied his right under state law to confidentiality of medical records and/or health status. (*Id*. at 15).

The specific facts alleged against each Defendant will be set forth in the discussion of the claim. In general, Plaintiff claims that Defendants failed to provide him with an adequate diet considering his acid reflux disease, and that medical Defendants improperly ordered that a rectal examination be performed upon him.

### B. Governing Law

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In order to establish an Eighth Amendment claim for deliberate indifference to serious medical need, Plaintiff must show that the deprivation was, objectively, sufficiently serious and that the official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). This state of mind is shown when a defendant knew of and disregarded an excessive risk to inmate

health or safety; the defendant must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists and also draw the inference. (*Id*. at 837).

To maintain a successful First Amendment retaliation claim Plaintiff must show that: (1) he was engaged in protected activity; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) there is a causal connection between the activity and adverse action. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Conclusory allegations of retaliatory motive unsupported by any specific factual foundation are insufficient to state a claim under section 1983. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003).

**C.    Analysis**

**1.    Defendant Lovin**

Defendant Lovin, a registered nurse at KTF, allegedly misinformed Plaintiff as to the availability of a therapeutic diet on November 22, 2006 for his acid reflux and recorded that incorrect information in Plaintiff's medical record. (Docket no. 1 at 5). She advised Plaintiff to avoid high acid foods, foods high in fat, caffeine, and smoking. (Docket no. 49 ex. A; docket no. 1 at 41). Defendant Lovin states that she responded to another letter from Plaintiff on March 26, 2007 and informed him that a special diet for acid reflux was not available but to avoid the same foods mentioned above, to use over-the-counter antacids, and to discuss his concerns with the medical provider at his next appointment. (Docket no. 49 ex. A). Defendant argues that these actions show that she was not deliberately indifferent to Plaintiff's medical needs. If anything, Defendant further argues, her actions amount to mere negligence in assessing possible treatments

for Plaintiff's condition. (Docket no. 49 at 16-17). Defendant also contends that Plaintiff has failed to establish that his acid reflux is a serious medical condition. (*Id*. at 15).

Plaintiff does not show that he advised Defendant Lovin of any symptoms he was experiencing. His allegation is that he asked for a special diet because of his acid reflux disease. Plaintiff does not present any authority for the proposition that his acid reflux was a serious medical need. Instead, the authority is that heartburn, which is all the Court can conclude that Defendant Lovin would have recognized at the time, is not a serious medical condition.[2] *See Ross v. McGinnis*, 2004 WL 1125177, slip op. at *10 (W.D.N.Y. Mar. 29, 2004) (complaints of abdominal pain, vomiting, heartburn, constipation not serious medical need).

Even if Plaintiff's acid reflux was considered to be a serious medical need, Plaintiff has failed to show that Defendant Lovin had the requisite culpable state of mind to constitute a constitutional violation. There is no showing that she knew of and disregarded an excessive risk to Plaintiff's health. *See Farmer*, 511 U.S. at 837. The evidence is that Defendant gave Plaintiff advice on the proper foods to consume to reduce or eliminate the acid reflux problems he was experiencing. She also advised on possible medications that Plaintiff could use to ameliorate his problems. Her writing in Plaintiff's medical record that the MDOC does not provide a special diet for acid reflux disease does not implicate any constitutional right of Plaintiff. (Docket no. 1 at 34). Defendant Lovin is therefore entitled to summary judgment.

---

[2] Defendants have submitted copies of the prison canteen purchases of Plaintiff showing that during this time period Plaintiff was purchasing foods which do not comport with the types of food he was being advised to eat by medical personnel to avoid acid reflux, such as jalapeno cheese spread. (Docket no. 49 ex. H, attachments 1 and 2). The Court finds that this evidence supports Defendants' argument that Plaintiff did not have a serious medical need.

### 2. Defendant Wight

Defendant Wight is a registered nurse and health unit manager at KTF. (Docket no. 1 at 6). Plaintiff alleges that she failed to act on his serious medical needs on April 4, 2007 and threatened to transfer him in retaliation for using the prison grievance procedure. (*Id.*). Defendant states in her affidavit that she received a letter from Plaintiff on April 4, 2007 in which he inquired about an acid reflux diet and being transferred to Marquette Branch Prison for treatment of his Hepatitis C. (Docket no. 49 ex. B). She examined Plaintiff's medical record and saw that he was examined by a medical provider on February 6, 2007, and an acid reflux diet was not ordered. (*Id.*). Defendant Wight also states that she informed Plaintiff that his Hepatitis C condition could be treated at that facility. (*Id.*). Defendant further states that she responded to a grievance from Plaintiff on December 18, 2007 in which he grieved that he was not being given an acid reflux diet. She responded that Plaintiff was being followed regularly by the Gastrointestinal Chronic Care Clinic and was evaluated by the medical service provider on November 7, 2007 and was advised to eat a bland diet and to make healthy choices from the diet line. (*Id.*).

Plaintiff has failed to show that there is a genuine issue for trial with respect to Defendant Wight. There is no showing that Plaintiff had a serious medical need due to his reflux. There also is no showing that Defendant Wight knew of and disregarded an excessive risk to Plaintiff's health. *See Farmer v. Brennan*, 511 U.S. at 837. Finally, the evidence is that Plaintiff was the one requesting a transfer rather than Defendant Wight threatening to transfer him in retaliation for filing grievances. Defendant Wight is therefore entitled to summary judgment.

### 3. Defendants Potter and Matthes

Food service supervisors Potter and Matthes allegedly failed to honor Plaintiff's medical

detail for a non-dairy snack bag and failed to allow him to eat on the diet line. (Docket no. 1 at 8-9). Defendant Potter states by affidavit that non-dairy snack bags are not offered per instructions from the dietician. (Docket no. 49 ex. C). She further states that Plaintiff could make his own decision regarding drinking milk. (*Id*.). Defendant Matthes states in her affidavit that at the time in question Plaintiff's medical diet detail did not reflect a non-dairy snack bag or non-dairy diet. (*Id*. ex. D). She recommended that Plaintiff obtain a medical detail written by a dietician. (*Id*.).

Plaintiff has not offered any evidence to create a genuine issue for trial with respect to the non-dairy snack bags. The evidence is that they are not offered. Plaintiff has failed to show that these two Defendants failed to follow a medical detail for him written by a dietician. Finally, the snack bags are related to Plaintiff's acid reflux which he has not shown is a serious medical need. Defendants Matthes and Potter should be dismissed.

### 4. **Defendant McClain**

Plaintiff identifies Defendant McClain as the food service director and alleges that McClain ordered that Plaintiff receive his snack bag and ordered that Plaintiff's medical detail for a reflux diet be complied with although it was expired. (Docket no. 1 at 9). Plaintiff alleges that the order was not complied with from June 6 until June 8, 2008. (*Id*.).

Defendant McClain states in his affidavit that upon Plaintiff's complaint he investigated and found that Plaintiff's medical diet detail had expired. (Docket no. 49 ex. E). He instructed the food service staff to provide Plaintiff his former medical diet until his medical need and approval for the diet could be evaluated and determined by medical staff. (*Id*.).

Plaintiff has failed to show that there is any genuine issue of material fact surrounding Defendant McClain's actions and any alleged violation of Plaintiff's constitutional rights.

Defendant McClain should be dismissed as a Defendant.

### 5.     Defendant Eicher

Defendant Eicher is a registered dietician. Plaintiff alleges that Defendant Eicher altered his reflux diet by changing it to a "low residue" diet. (Docket no. 1 at 10). Plaintiff further alleges that this Defendant informed him that M.D.O.C. policy is that a non-dairy diet is not to be prescribed – that prisoners are instead to take medications. (*Id.*). Finally, Plaintiff alleges that Defendant Eicher discussed his medical condition with food service supervisor Potter. (*Id.*).

Defendant Eicher has submitted her affidavit stating that Plaintiff was at his ideal weight on June 5, 2008. (Docket no. 49 ex. F). Plaintiff told Defendant that he had been on a reflux diet and had "vomiting with steaks of blood." (*Id.*). Defendant prescribed a low residue diet with 3 low residue snacks to reduce internal irritation. (*Id.*). The snacks ordered would allow Plaintiff to omit any food items that caused irritation without compromising Plaintiff's nutritional status. (*Id.*). This low residue diet was authorized by Dr. Thyagargian, and a detail was issued on June 6, 2008. (*Id.*). On July 9, 2008 Plaintiff was seen by a health service nurse requesting a diet change, and it was changed to a reflux diet. (*Id.*).

Plaintiff fails to show that Defendant's ordering of a low residue diet for Plaintiff violated his Eighth Amendment rights. This diet was approved by a medical doctor. Plaintiff has failed to show that his reflux was a serious medical need or that this Defendant had the required culpable state of mind to violate his rights. The allegation that Defendant improperly discussed his medical condition with the food service supervisor is too vague to state a claim for relief. Some discussion between the dietician and the food service supervisor is expected, and Plaintiff has not shown that any confidential medical information was improperly exchanged. Defendant Eicher should be

dismissed as a Defendant.

### 6. Defendant Clark

Defendant Clark is a food service director. (Docket no. 1 at 10). Plaintiff alleges that he informed Defendant of "the deficiencies in the quality of food being served" in the diet line. (*Id*.). Defendant Clark allegedly responded that Plaintiff should "kite" him if he wanted to discuss the issue "because before he discussed anything with Plaintiff, he wanted his attorney present." (*Id*.).

Defendant Clark has submitted an affidavit. (Docket no. 49 ex. G). He details the actions he took when Plaintiff complained about the food being served. (*Id*.). Plaintiff fails to dispute these showings. The evidence shows that Defendant Clark responded appropriately to Plaintiff's complaints. Plaintiff has therefore failed to show that a genuine issue for trial exists as to any claim against Defendant Clark. He should be dismissed as a Defendant.

### 7. Defendant Fairbanks

Defendant Fairbanks is also a registered dietician but is the Region III Dietary Manager. Plaintiff alleges that she "was made aware of the problem of Plaintiff's dietary needs." (Docket no. 1 at 11). Plaintiff further alleges that Defendant refused to correct the problem when she was in a position of authority to make the necessary corrections to his medical diet. (*Id*.).

Defendant Fairbanks submitted an affidavit in which she states that she ordered a dietician to meet with Plaintiff regarding his diet concerns on multiple occasions and met with Plaintiff herself on many occasions. (Docket no. 49 ex. H). She advised Plaintiff to avoid foods that irritated his stomach and not to use tobacco. (*Id*.). Plaintiff told her that he often made peanut butter fudge in his cell, and she advised him that this was not good for his reflux. (*Id*.). She ordered that Plaintiff be given a diet that exceeds the necessary caloric intake so that he could avoid any foods that caused

him problems and still receive the proper amount of calories. (*Id*.). She reviewed Plaintiff's commissary receipts and found that he purchased many foods not recommended for those with reflux. (*Id*.). Defendant Fairbanks states that the only issues she found to correct were lifestyle changes that Plaintiff needed to make on his own. (*Id*.).

Plaintiff has not disputed these showings by Defendant Fairbanks. He has therefore failed to create a genuine issue of fact on any claim that Defendant Fairbanks violated his constitutional rights. She should be dismissed from this action.

### 8. Defendant Pramstaller

Defendant Pramstaller was the chief medical officer of the M.D.O.C. (Docket no. 49 ex. I). Plaintiff alleges that on or about July 7, 2008 this Defendant failed to act concerning Plaintiff's medical needs and the alleged violation of laws and policy of those he supervised. (Docket no. 1 at 11).

Defendant Pramstaller states in his affidavit that he retired in March 2008 and was not working for the M.D.O.C. when Plaintiff alleges his rights were violated on or about July 7, 2008. (Docket no. 49 ex. I). Plaintiff has failed to dispute this statement. He has therefore failed to show that any genuine issue for trial exists as to Defendant Pramstaller. He should be dismissed as a Defendant.

### 9. Defendant McClellan

Plaintiff alleges that Defendant McClellan "knowingly allowed diets to be ordered contrary to medical needs" and "perfected" a medical diet for reflux that included lemon juice, pineapple, and onions. (Docket no. 1 at 11). Defendant McClellan states in her affidavit that she is the food service program director for the M.D.O.C. and works in Lansing, Michigan. (Docket no. 49 ex. J). She

further states that she had no involvement with Plaintiff's special accommodation for his therapeutic diet. (*Id*.). All of these allegations involve Plaintiff's reflux which, as stated above, he has not shown is a serious medical need. Even if it were, Plaintiff has failed to create a genuine issue of material fact on the issue of whether this Defendant had the required state of mind to violate his Eighth Amendment rights. Defendant McClellan should therefore be dismissed as a Defendant.

### 10. Defendant Richardson

Plaintiff alleges that on July 19, 2008 Defendant Richardson violated state law by disclosing his health status to a non-medical staff person. (Docket no. 1 at 11). Plaintiff also contends that on October 15, 2007 Defendant Richardson, a registered nurse, ordered that Plaintiff receive a rectal exam for his ailments. (*Id*. at 7). This act was allegedly done in retaliation for Plaintiff filing formal complaints and violated his right to privacy. (*Id*.). Plaintiff fails to allege any facts showing that the procedure was performed in an improper manner. His complaint is apparently that the exam should not have been ordered at all.

Defendant Richardson states in her affidavit that she was the nurse overseeing the nursing staff at Plaintiff's prison. (Docket no. 49 ex. K). She states that on July 19, 2008 she called the food service leader to advise of a change in Plaintiff's diet to a clear liquid diet that another nurse had ordered. (*Id*.). She states that she at no time shared any information about Plaintiff's medical health status. (*Id*.).

Defendant Richardson further states that on October 16, 2007 Plaintiff was evaluated by the nurse practitioner due to his complaints and diagnoses. (*Id*.). This person opted to perform a rectal examination because it was the standard test for suspicion of GI bleeding, especially for a person with Plaintiff's diagnoses. (*Id*.).

Plaintiff fails to show that he can present sufficient evidence to make out a claim of retaliation in violation of the First Amendment. *Thaddeus-X*, 175 F.3d at 394. First, the evidence is that the rectal exam was a medically appropriate procedure given Plaintiff's symptoms and diagnoses. In addition, Plaintiff's allegations of retaliation are conclusory and fail to state a claim for relief. *See Harbin-Bey*, 420 F.3d at 580. Plaintiff has not shown that his right to privacy was violated by this procedure.

Plaintiff has failed to show that there is a genuine issue for trial on any claim against Defendant Richardson. She should be dismissed as a Defendant.

### 11. State law claims

Plaintiff alleges various state law claims. Because all federal claims should be dismissed against the moving Defendants, this Court should dismiss all state law claims against them without prejudice pursuant to 28 U.S.C. § 1367(c)(2). *See Turner v. French*, 2008 WL 783757 (E.D. Mich. Mar. 21, 2008) (claims of assault and battery and negligence); *Smelley v. City of Detroit*, 2007 WL 4326905 (E.D. Mich. Dec. 7, 2007) (noting differences between federal excessive force claims and state law assault and battery claims).

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve

all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 01, 2009          s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Robert Fox, Jr., and Counsel of Record on this date.

Dated: July 02, 2009          s/ Lisa C. Bartlett
                              Courtroom Deputy