UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALLEN FOX, JR.,

        Plaintiff,                        CIVIL ACTION NO. 08-CV-14727-DT

vs.

                                            DISTRICT JUDGE GERALD E. ROSEN

PENNY RODGERS, et al.,             MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** The Motion to Dismiss filed by Defendant Beckham for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) (docket no. 79) should be **GRANTED**.

**II.**    **REPORT:**

        This is a prisoner civil rights case under 42 U.S.C. § 1983 and state law. (Docket no. 1). Plaintiff seeks damages, a declaratory judgment, and injunctive relief. Defendant Beckham, a registered nurse, moves to dismiss the Complaint as to her because Plaintiff has failed to properly exhaust his administrative remedies against her as required by 42 U.S.C. § 1997e(a). (Docket no. 79). Plaintiff has not responded to Defendant Beckham's motion, and the time for responding has expired. All pretrial matters have been referred to the undersigned for decision. (Docket no. 9). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

    **A.**    **Factual and Procedural Background**

Plaintiff is a prisoner incarcerated at Parnall Correctional Facility. He alleges that he suffers from Acid Reflux, esophageal varices, esophageal ge-a-vitas, and Hepatitis C. (Docket no. 1). Plaintiff claims that he has been denied adequate medical care, has had problems receiving a therapeutic diet and prescribed medications, received an inappropriate medical procedure, and that his health status was improperly disclosed. Plaintiff claims that his Eighth and Fourteenth Amendment rights were violated as well as state law.

Plaintiff alleges that on or around October 11, 2006 Defendant Beckham failed to insure that Plaintiff received proper medical care for his medical conditions. (Docket no. 1, p. 5). Plaintiff claims that he exhausted his administrative remedies against this Defendant by Grievance H.T.F. 0712-0799-28E. (Docket no. 1, p. 5).

**B.     Standard of Review**

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The prisoner must complete all levels of the grievance process before filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). The Supreme Court recently clarified that proper exhaustion is mandatory and requires a prisoner to comply with state procedural rules such as time limits for filing grievances and other critical procedural rules. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo* 548 U.S. 81, 90-91 (2006).

**C.     Exhaustion**

Defendant has submitted a copy of the grievance procedures of the Michigan Department of Corrections (MDOC) and both parties have submitted copies of all relevant grievances filed by

Plaintiff.  (Docket no. 79, exs. A-B; Docket no. 1).  Plaintiff does not contend that he submitted any other grievances by which he may have exhausted his administrative remedies against this Defendant.  (Docket no. 1, ¶ 25).  A grievance may be rejected under the applicable MDOC guidelines if it is untimely filed.  (Docket no. 79, ex. A (PD 03.02.130(G)(4))).

Plaintiff alleges that he exhausted his available administrative remedies against Defendant Beckham through Grievance H.T.F. 0712-0799-28E.  (Docket no. 1, p. 5).  The documents submitted by both parties show, however, that this grievance was rejected at all three levels of the grievance process because it was untimely filed at Step 1.  (Docket no. 1; Docket no. 79, ex. B).  Plaintiff reported the date of the incident being grieved as August 14, 2006 and his Step I grievance is dated November 21, 2007.  (Docket no. 79, ex. B).  This is clearly untimely under the Department of Corrections policy which requires that a Step 1 grievance be filed within 5 days after the grievant attempted to resolve the issue with staff, which must take place within 2 days after becoming aware of the grievable issue.  (Docket no. 79, ex. A).  Accordingly, this grievance does not exhaust any of Plaintiff's remedies against Defendant Beckham.  *See Jones*, 549 U.S. at 211.  Because this is the only grievance that might possibly exhaust any remedies against this Defendant, she should be dismissed from this action.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 12, 2010    s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Robert Allen Fox, Jr. and Counsel of Record on this date.

Dated: January 12, 2010    s/ Lisa C. Bartlett
Case Manager

4