# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT FOX, JR.,**

      **Plaintiff,**                          **CIVIL ACTION NO. 08-CV-14727**

      vs.                                   **DISTRICT JUDGE GERALD E. ROSEN**

**PENNY RODGERS, et al.,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

**I.**      **RECOMMENDATION:** This Court recommends that Defendant Karen Ibarra's Motion for Summary Judgment (docket no. 93) be **GRANTED**.

**II.**      **REPORT:**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 and state law. (Docket no. 1). Plaintiff alleges that he suffers from acid reflux, esophageal varices, esophageal ge-a-vitas, and Hepatitis C. He claims that while he was incarcerated at Parnall Correctional Facility in Jackson, Michigan, Defendant Ibarra, R.N., violated his Eighth Amendment right to be free from cruel and unusual punishment by being deliberately indifferent to his serious medical need, acid reflux. He also alleges that Defendant Ibarra violated state law when she intentionally entered misleading or inaccurate information in Plaintiff's medical record.

Plaintiff alleges that Defendant Ibarra was the attending nurse on September 29, 2007 when he presented to health care complaining of vomiting with streaks of blood. He alleges that Defendant Ibarra stated that she would refer Plaintiff to the doctor and informed him to "tell the doctor next week" about the bleeding. He further states that Plaintiff made a notation in the medical

1

report that Plaintiff suffered from routine diarrhea, which resulted in Plaintiff not being seen by a doctor until he was hospitalized on October 4, 2007 for "massive vomiting with visual blood." (Docket no. 1). Plaintiff sues Defendant Ibarra in her official and personal capacities, and seeks damages, a declaratory judgment, and injunctive relief.

Presently before the Court is the Motion for Summary Judgment filed by Defendant Ibarra. (Docket no. 93). Plaintiff has not responded to the motion and the time for responding has now expired. All pretrial matters have been referred to the undersigned for decision. (Docket no. 9). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A. Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**B. Analysis**

1. Eleventh Amendment bar to Official Capacity Suits

Plaintiff asserts claims against Defendant Ibarra, an employee of the MDOC, in her official capacity. To the extent Plaintiff sues Defendant Ibarra for money damages, his official capacity claims are barred by the Eleventh Amendment. "[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citation omitted). The Eleventh Amendment bars civil rights actions against a state and its departments unless the state has waived its immunity and consented to suit. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The State of Michigan has not consented to § 1983 civil rights lawsuits filed in federal court. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). As Congress did not abrogate the Eleventh Amendment when enacting § 1983, neither a state, a state agency, nor a state official sued in his official capacity is a "person" subject to suit under § 1983. *See Will v. Michigan Dep't. of State Police,* 491 U.S. 58, 66-71 (1989).

2. Declaratory and Injunctive Relief

Plaintiff is no longer incarcerated at Parnall Correctional Facility in Jackson, Michigan. (Docket no. 82). A transfer to another prison (or release from prison) moots a prisoner's request for declaratory or injunctive relief. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 n. 1 (6th Cir.2001); *Wilson v. Yaklich,* 148 F.3d 596, 601 (6th Cir. 1998); *Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir. 1996). Accordingly, Plaintiff's claims against Defendant Ibarra for declaratory or injunctive relief should be dismissed.

3. Eighth Amendment Claim

Plaintiff has alleged a violation of his Eighth Amendment right to be free from cruel and unusual punishment based on inadequate medical care for his serious medical need, acid reflux disease. To sustain a claim of inadequate medical treatment, a prisoner must demonstrate that the

Defendant acted with deliberate indifference to his serious medical needs. A sufficiently serious medical need is one that has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Blackmore v. Kalamazoo County,* 390 F.3d 890, 897 (6th Cir. 2004) (citations omitted). A medical need is serious if the failure to treat the condition could result in the unnecessary and wanton infliction of pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (citation omitted). An official acts with deliberate indifference when he consciously disregards an excessive or substantial risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff states that he sent a kite to health care on September 29, 2007 which stated "vomiting with streaks of blood." (Docket no. 1). He claims that Defendant Ibarra saw Plaintiff that same day, informed him that she would refer him to a doctor, told him to tell the doctor next week about the bleeding, and then filled out her medical report to state diarrhea.

Defendant Ibarra submitted an affidavit and excerpts from Plaintiff's medical record in support of her Motion for Summary Judgment. The affidavit states that Defendant Ibarra called Plaintiff to the health clinic on September 29, 2007, the same day he submitted his kite, for complaints of vomiting. (Docket no. 93, Ex. 2). During the medical assessment, Plaintiff informed the Defendant that he believed his vomiting was related to gastroesophageal reflux disease (GERD). The affidavit states that Plaintiff did not exhibit signs of acute distress during the medical evaluation, and agreed that his condition was not an emergency. (Docket no. 93, Ex. 2). Plaintiff's labs were found to be normal, and Plaintiff was assessed as having altered comfort due to GI disturbance. (Docket no. 93, Ex. 2). Plaintiff was scheduled for follow-up care with a doctor so that his medication and GERD treatment could be discussed. (Docket no. 93, Ex. 2). Defendant Ibarra

4

ordered a follow-up visit for "approximately 10/2/2007," three days after his evaluation with Defendant Ibarra. (Docket no. 93, Ex. 3).

Plaintiff falls short of satisfying the objective component. He did not present any authority for the proposition that his acid reflux disease presented a serious medical need. Case law supports the conclusion that Plaintiff's condition was not serious. *See Ross v. McGinnis*, No. 00-cv-0275E, 2004 WL 1125177, at *10 (W.D. N.Y. March 29, 2004) (diagnosis of dyspepsia, hiatal hernia, and reflux esophagitis did not constitute a serious medical need). Plaintiff also did not submit medical records or other evidence showing that he suffered from bleeding or that he was hospitalized for massive vomiting with visible blood. Based on the evidence presented to the Court, no reasonable trier of fact could find in Plaintiff's favor on the objective component of his Eighth Amendment claim against Defendant Ibarra.

Even if the Court were to conclude that Plaintiff's medical condition was serious, Plaintiff has failed to state a medical indifference claim. Defendant Ibarra shows that she medically evaluated Plaintiff on the same day he filed his medical kite, found that he was not in acute distress and his lab results were normal, and scheduled him for a prompt follow-up visit with a doctor. There is no evidence that Defendant Ibarra deliberately disregarded a known substantial risk of harm to the Plaintiff's health or safety.

Defendant Ibarra acknowledges that she selected the word "diarrhea" from a drop-down menu to describe Plaintiff's complaint when she was completing the electronic medical record. She states by affidavit that the error was inadvertent. The medical records show that Defendant Ibarra repeatedly documented Plaintiff's complaints and condition as GI distress and GERD. Plaintiff has not presented any evidence that Defendant Ibarra possessed the requisite degree of culpability to

5

sustain an Eighth Amendment claim. Defendant Ibarra is therefore entitled to summary judgment on Plaintiff's § 1983 claim.

4. Qualified Immunity

Defendant Ibarra contends that she is also entitled to summary judgment on Plaintiff's § 1983 claim because Plaintiff's individual capacity claim is barred by qualified immunity. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This Court has concluded that there is no genuine issue of material fact that Defendant Ibarra violated Plaintiff's Eighth Amendment rights. Accordingly, Defendant Ibarra is entitled to the defense of qualified immunity.

4. State Law Violation

Plaintiff alleges that Defendant Ibarra violated state law by intentionally including in his medical record misleading or inaccurate information that he had routine diarrhea, which led to a delay in the treatment of his medical condition. Plaintiff does not identify which state law Defendant Ibarra allegedly violated.

Pursuant of 28 U.S.C. § 1367(c)(3), this Court should decline to exercise supplemental jurisdiction over the state law claim because the Court should dismiss all claims over which it has original jurisdiction. *See Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) (when all federal claims are dismissed before trial, balance of considerations usually will point to dismissing the state law claims).

**III.   NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: June 8, 2010                              s/ Mona K. Majzoub
                                                 MONA K. MAJZOUB
                                                 UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

       I hereby certify that a copy of this Report and Recommendation was served upon Robert Fox and Counsel of record on this date.


Dated: June 8, 2010                          s/ Lisa C. Bartlett
                                                     Case Manager